UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDALL JOY                                                    PETITIONER

V.                                      CIVIL ACTION NO. 3:22-CV-519-DPJ-FKB

PRISON WARDEN YAZ BOULEE                                      RESPONDENT

ORDER DENYING PETITIONER'S MOTION [8]

This cause is before the Court on Petitioner Kendall Joy's "Motion to Reconsider Order of Dismissal," filed on December 21, 2022.   Mot. [8].   Joy, who is proceeding pro se, asks the Court to reconsider its Order of Dismissal [6], which was entered on December 13, 2022.   The Court, having considered Joy's Motion [8] and the applicable authority, finds the motion should be denied.

I.      Standard

Joy cites no procedural rule as the basis for his motion, but typically, such requests are addressed under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.   Rule 59(e) of the Federal Rules of Civil Procedure applies when, as in this case, a litigant files a motion to alter or amend a judgment within 28 days of the entry of the judgment.

Rule 59(e) provides the district court the chance "to rectify its own mistakes in the period immediately following its decision."   *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).   Rule 59(e), however, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."   *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).   Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either

a manifest error of law or fact or must present newly discovered evidence and cannot be used to

raise arguments which could, and should, have been made before the judgment issued."

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations

omitted).

II.   Discussion

Joy asserts the following:

(1)   Petitioner has no legal knowledge, experience, no funds to retain competent counsel, and no legal resources to establish his grevience [sic] to challenge his current sentence.

(2)   Petitioner asserts actual innocence and Tennessee state claims.

(3)   Petitioner has repeat[ed]ly tried to submit [§] 2255s to the circuit/appeal court to get an evidentiary hearing on constructive absence of his attorneys to no avail.

(4)   Petitioner brings his [§] 2241 pursuant to the "saving[s] clause" in 28 U.S.C. [§] 2255(e), because his sentence of 200 months exceeds the maximum ten years statutory penalty exercised by Congress under [§]924(a) and (c).   Importantly,

(5)   Under *Gilbert II*, petitioner, cannot obtain a [§] 2241 writ through the [§] 2255(e) portal based on any guidelines-based sentencing errors.   Petitioner is entitled to a grant of Writ because his sentence exceeds the statutory maximum penalty without the competence of a counsel.

(6)   Petitioner has claimed actual innocence of his [§] 922(g) conviction, qualifies as a fundamental error or miscarriage of justice that can be corrected in a habeas corpus proceeding[].   *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012).

Pet'r's Mot. [8] at 1–2.

In the Order of Dismissal [6], the Court considered the applicability of the savings clause

to Joy's claims and determined that Joy did not meet the stringent requirements necessary to

proceed with his claims in a habeas petition pursuant to § 2241.   Order [6] at 6–7.   Joy does not

assert any arguments that were not available to him at the time of filing his Petition.   Therefore,

2

Joy fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.    Conclusion

The Court has considered the pleadings and applicable law.   For the foregoing reasons,

Petitioner Kendall Joy's Motion [8] for Reconsideration under Rule 59(e) is denied.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE